## IN THE SUPREME COURT OF TENNESSEE
## WORKERS' COMPENSATION APPEALS PANEL
### KNOXVILLE, JUNE 1998 SESSION

FILED

November 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

GARY CHARLES HILL                   )       RHEA CHANCERY
                                    )
    Plaintiff/Appellee          )
                                    )
V.                                  )       Hon. Jeffrey F. Stewart,
                                    )       Chancellor
INSURANCE COMPANY OF NORTH          )
AMERICA                             )
                                    )
    Defendant/Appellant         )       No. 03S01-9712-CH-00150

**For the Appellant:**

F. R. Evans
800 First Tenn. Bldg.
Chattanooga, Tenn.  37402

**For the Appellee:**

Thomas L. Wyatt
500 Lindsay Street
Chattanooga, Tenn.  37402

## M E M O R A N D U M   O P I N I O N

### Members of Panel:

William M. Barker, Justice
Joe C. Loser, Special Judge
Roger E. Thayer, Special Judge

AFFIRMED.                                   THAYER, Special Judge

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn. Code Ann. § 50-6-225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

The trial court awarded the employee, Gary Charles Hill, 10% permanent partial disability to the body as a whole. The insurance carrier, Insurance Company of North America, has appealed contending the evidence does not support a finding of permanent disability.

Employee Hill was 41 years of age at the time of the incident in question and was a high school graduate. A great deal of his work experience has been as a painter but he has operated construction equipment and worked as a carpenter. He had been employed by Raytheon since 1994 and was doing industrial painting on about February 16, 1995. He testified he was operating a grinder under a large-like air compressor when he felt a pull in a muscle. When this pain occurred he was lying down in a somewhat twisted position and was working over his head.

He reported the incident to his employer and was given a list of three physicians. He chose Dr. Lester F. Littell and saw him on March 2, 1995. Dr. Littell told him he had a pinched nerve and would probably need surgery. Hoping to avoid surgery, he went to see a private physician, Dr. Ernest Forsten. Dr. Forsten scheduled an M.R.I. examination and later referred him to Dr. Larry Gibson, a neurologist.

Plaintiff continued to work with his complaints and was terminated from employment on August 22, 1995. His employer told him the termination was due to his "arrest record." At the trial he told the court the accident caused neck pain and numbness in some of his fingers and thumb. He said he felt his recovery was about 75% back to normal status but he was still having pain in the back of his shoulder and down his left arm. He said he could not return to industrial painting work but he had worked at small painting jobs such as painting bedrooms, porches, fences, etc.

All of the expert medical testimony was presented by deposition.

Dr. Larry Gibson testified plaintiff had damage or a pinching of his 6th and 7th nerve with subsequent weakness in the left triceps. He stated a nerve conduction study confirmed the diagnosis. Testing also revealed a bulging disc which was due

2

to the aging process. He opined the nerves were pinched while he was working in the awkward position. He gave a 15% medical impairment and imposed work restrictions of not working over his shoulders. He also said he should not lift over 20-25 pounds. He was of the opinion that surgery would not improve his condition.

Dr. Lester F. Littell, an orthopedic surgeon, saw plaintiff on several visits and would be classified as the treating physician. His diagnosis was cervical nerve pain but was of the opinion there was no impairment. He noted the M.R.I. results indicated a bulging disc which was due to age changes but he did restrict his work activities so he would not do overhead work.

Dr. Hytham A. Kadrie, a neurologist, examined plaintiff at the request of a Dr. Louis Carter (who did not testify). He performed a nerve conduction study, etc. and was of the opinion there was no nerve damage. Thus, he did not find any medical impairment.

Our review of the case is de novo accompanied by a presumption of the correctness of the findings of fact unless the preponderance of the evidence is otherwise. T.C.A. § 50-6-225(e)(2).

If there is conflicting medical testimony on causation of any injury, the trial judge has discretion to conclude that the opinion of a particular expert should be accepted over that of another expert and that one expert's testimony contains a more probable explanation than another expert's testimony. *Thomas v. Aetna Life & Cas. Co.,* 812 S.W.2d 278 (Tenn. 1991).

The trial court was confronted with conflicting medical opinions regarding plaintiff's condition and accepted the opinion of Dr. Gibson as opposed to the other evidence in the case. In weighing the evidence, the court noted that Dr. Littell did not document his observations as carefully as Dr. Gibson.

From our independent examination of the record, we cannot conclude the evidence preponderates against the findings of the trial court. Therefore, the judgment is affirmed with costs of the appeal taxed to defendant insurance company.

_____
Roger E. Thayer, Special Judge

3

CONCUR:


_____
William M. Barker, Justice


_____
Joe C. Loser, Special Judge

4

IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

| | |
|---|---|
| GARY CHARLES HILL, | ) RHEA CHANCERY |
| | ) No. 8451 |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) No. 03S01-9712-CH-00150 |
| v. | ) |
| | ) |
| | ) Hon. Jeffrey F. Stewart, |
| INSURANCE COMPANY OF NORTH | ) Chancellor |
| AMERICA | ) |
| | ) |
| Defendant-Appellant. | ) |

JUDGMENT ORDER

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the memorandum Opinion of the Panel should be accepted and approved; and

It is, therefore, ordered that the Panel's findings of facts and conclusions of law are adopted and affirmed, and the decision of the Panel is made the Judgment of the Court.

Costs on appeal are taxed defendant/appellant, Insurance Company of North America and F. R. Evans, Surety, for which execution may issue if necessary.

11/02/98